PAMELA TAHIM THAKUR (Bar No. 239717)
pamela@thakurlawfirm.com
WILLIAM R. SCHUBERT (Bar No. 323458)
william@thakurlawfirm.com
THAKUR LAW FIRM, APC
1400 N. Harbor Blvd., Suite 410
Fullerton, CA 92835
Telephone:  (714) 772-7400
Facsimile:  (714) 333-4943

Attorneys for Plaintiff JEFFREY MILLER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MILLER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>ACME HOME ELEVATOR, INC., a California corporation dba STANNAH STAIRLIFTS; PACIFIC COMCENTER, LLLP, a Nevada limited liability limited partnership; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990;**<br><br>2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE §§ 51 -52** *et seq.*;<br><br>3. **VIOLATIONS OF THE CALIFORNIA DISABLED PERSONS ACT (CDPA), CIVIL CODE SECTIONS 54** *et seq.*<br><br>4. **VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION ACT, CAL BUS & PROF CODE § 17200,** *et seq.*<br><br>5. **NEGLIGENCE** |

Plaintiff JEFFREY MILLER ("Plaintiff") brings this Complaint against Defendants ACME HOME ELEVATOR, INC., a California corporation dba STANNAH STAIRLIFTS; PACIFIC COMCENTER, LLLP, a Nevada limited liability limited partnership; and DOES 1– 20 inclusive ("Defendants") and alleges as follows:

## PARTIES

1. Plaintiff JEFFREY MILLER is a California resident with a physical disability. Plaintiff is substantially limited in his ability to walk. Plaintiff requires a cane or scooter at all times when traveling in public.

2. Plaintiff is informed and believes and thereon alleges that Defendant ACME HOME ELEVATOR, INC., a California corporation dba STANNAH STAIRLIFTS is and was at all times relevant herein, was and is a corporation organized under the laws of the State of California, duly authorized to do business in Orange County, California.

3. Plaintiff is informed and believes and thereon alleges that Defendant PACIFIC COMCENTER, LLLP, a Nevada limited liability limited partnership is and was at all times relevant herein, was and is a corporation organized under the laws of the State of Nevada, duly authorized to do business in Orange County, California.

4. Defendants are, or were at the time of the incident, the real property owners, business operators, lessors and/or lessees of the real property for ACME HOME ELEVATOR, INC., a California corporation dba STANNAH STAIRLIFTS ("ACME" and/or "Business") located at or about 11612 Knott Ave, Garden Grove, CA 92841.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 and 20, inclusive, are unknown to Plaintiff at this time, and Plaintiff, therefore sues said Defendants by such fictitious names. Plaintiffs will ask leave of Court to amend this Complaint when the names shall

have been ascertained. Plaintiff is informed and believes and thereon alleges that each DOE was responsible intentionally, or in some other actionable manner, for the events and happening referred to herein, which proximately caused the injury and damage to Plaintiff, as hereinafter alleged.

6. Any reference to "any named defendant(s) shall also refer to all DOE defendants, and to each of them.

## JURISDICTION AND VENUE

7. The Court has jurisdiction of this action pursuant to 28 USC §§ 1331 and 1343 for violation of the Americans with Disabilities Act of 1990, (42 USC §12101, et seq.)

8. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act, California Civil Code § 51 et seq., ("UCRA") claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

10. On or about the year 2013 Plaintiff was diagnosed with Myositis, a degenerative, progressive muscle disease which affects one's legs and fingers. Plaintiff requires a cane or scooter at all times when traveling in public as a result of this disease.

11. Plaintiff went to the Business on or about August 14, 2020, for the purpose of potentially purchasing a stair lift and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning federal and state law.

12. The Business is a facility open to the public, a place of public accommodation, and a business establishment.

13. Paths of travel are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Business.

14. Unfortunately, while attempting to enter the Business, Plaintiff personally encountered a number of barriers that interfered with his ability to use and enjoy the services, privileges, and accommodations offered at the Business.

15. First, upon arriving at the Business's location, Plaintiff immediately noticed that there was no signage for ADA compliant parking that would indicate an accessible path of travel from the handicap parking to the Business's entrance.

16. As the Plaintiff did not see or notice any immediate ADA compliant parking spaces for his use, he was forced to park in a non-ADA compliant parking space.

17. Upon parking, Plaintiff was confronted with inaccessible path of travel from the parking lot to the front entrance of the business, due to the exterior ADA standard ramp at the time being obstructed. This ramp was the only one available that connected the parking lot to the Business' front entrance.

18. As a result of this obstruction, the Plaintiff in embarrassment was forced to inform the Defendant's employee Tyler that he could not get in through the front door, because he could not get up the curb without a handrail to assist him.

19. Defendant's employee Tyler then informed the Plaintiff that they would clear a path for him through the Business' back doorway.

20. The Plaintiff was not only humiliated having to enter from the backway but the path created was made inaccessible due to various equipment and inventory blocking a clear thoroughfare.

21. By failing to provide accessible paths of travel, the Defendants denied the Plaintiff full and equal access.

22. The lack of accessible paths of travel created difficulty and discomfort

for the Plaintiff.

23. Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

24. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

(Against all Defendants and Does 1-20)

25. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

26. Under the Americans with Disabilities Act of 1990 ("ADA"), no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

27. When a business provides paths of travel, it must provide accessible paths of travel in compliance with the ADA Standards.

28. Here, the failure to provide accessible paths of travel is a violation of the ADA.

29. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

30. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

31. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

32. Where parking spaces are provided, accessible parking spaces shall be provided. 1991 ADA Standards § 4.1.2(5); 2010 ADA Standards § 208. One in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) wide minimum and shall be designated "van accessible."

1991 ADA Standards § 4.1.2(5)(b). For every six or fraction of six parking spaces, at least one shall be van parking space. 2010 ADA Standards § 208.2.4. In a facility with one (1) to twenty-five (25) parking spaces the minimum number of accessible parking spaces it must have is one (1). 2010 ADA Standards § 208.2; See CBC § 11B-208.2.

33. Here, Defendants failed to provide accessible parking spaces within the Business' parking facility.

34. The Business has between one (1) to twenty-five (25) parking spaces in its parking facility, however contrary to ADA Standards the facility failed to have any accessible parking spaces. The nearest accessible parking space to the Business was located on a different facility creating an unreasonable and lengthy commute to access the Business.

35. Under the ADA, the method and color of marking are to be addressed by State or local laws or regulations. See 36 C.F.R., Part 1191. Under the California Building Code ("CBC"), the parking space identification signs shall include the International Symbol of Accessibility. Parking identification signs shall be reflectorized with a minimum area of 70 square inches. Additional language or an additional sign below the International Symbol of Accessibility shall state "Minimum Fine $250." See CBC § 1129B.4. An accessible parking space identification sign shall be permanently posted immediately adjacent and visible from each parking space. 1991 ADA Standards § 4.6.4; 2010 ADA Standards § 502.6; See CBC § 11B-208.2.

36. Further the identifying accessible parking sign shall be located with its centerline a maximum of 12 inches from the centerline of the parking space and may be posted on a wall at the interior end of the parking space. See CBC § 11B-502.6.

37. Moreover, an additional sign shall be posted either in a conspicuous place at each entrance to an off-street parking facility or immediately adjacent to on-site accessible parking and visible from each parking space. *See* CBC § 1129B.4, et

seq. The additional sign shall not be less than 17 inches wide by 22 inches high. The additional sign shall clearly state in letters with a minimum height of 1 inch the following: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or special license plates issued for persons with disabilities will be towed always at the owner's expense…" *See* CBC § 11B-502.8, et seq.

38. Here, Defendants failed to provide the parking space identification sign with the International Symbol of Accessibility. The posted sign had badly faded beyond recognition. In addition, Defendants failed to provide signs stating "Minimum fine $250" or "Van Accessible." Moreover, Defendants failed to provide the additional sign with the specific languages stating "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or special license plates issued for persons with disabilities will be towed always at the owner's expense…"

39. For the parking spaces, access aisles shall be marked with a blue painted borderline around their perimeter. The area within the blue borderlines shall be marked with hatched lines a maximum of 36 inches (914 mm) on center in a color contrasting with that of the aisle surface, preferably blue or white. The words "NO PARKING" shall be painted on the surface within each access aisle in white letters a minimum of 12 inches (305 mm) in height and located to be visible from the adjacent vehicular way. CBC § 11B-502.3.3; CBC § 1129B.4.

40. Here, Defendants failed to properly maintain the access aisles as there was no "NO PARKING" painted on the parking surface.

41. By failing to maintain the facility to be readily accessible and usable by Plaintiff, Defendants are in violation of Plaintiff's rights under the ADA and its related regulations.

42. A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to

and usable by persons with disabilities by the Act or this part. *See* 28 C.F.R. 35.211(a).

43. At least one accessible route must be provided within the site to accessible facility entrances from accessible parking and accessible passenger loading zone. 1991 ADA Standards § 4.6.3; 2010 ADA Standards § 206.2.1; CBC § 1129B.3.1. Components of accessible routes include walking surfaces, doorways, ramps, curb ramps, elevators, and, where permitted, platform lifts. 1991 ADA Standards § 4.8.1.;2010 ADA Standards § 402; CBC § 1129B.5.1. Accessible routes within the site must also be provided within a site arrival points must connect all accessible buildings, facilities, elements, and spaces on a site. 2010 ADA Standards § 206.2.2.

44. Here, Defendants failed to provide an accessible route to facility entrances. In violation of ADA Standards not only was there no ramp provided for wheelchair accessibility, but there was a continuous elevated curb around the Business. The Plaintiff needing a cane or scooter to move was forced to use an inordinate amount of effort to enter the Business. In violation of ADA Standards and California Building Code Standards, Defendants failed to provide Plaintiff accessible routes to the Business and its facility.

45. The ground and floor surfaces along accessible routes including floors, walks, ramps, stairs, and curb ramps, shall be stable, firm, and slip-resistant. 1991 ADA Standards §4.5; 2010 ADA Standards §303.3; CBC § 1133B.7.4.

46. Here, the path of travel from the Plaintiff's parking space to the entrance has damaged ground and is uneven. As the Plaintiff requires a cane or scooter to travel the uneven ground and the multiple obstructions made Plaintiff's travel to the Business nearly substantially difficult.

47. Pursuant to ADA Standards, passenger loading zones are required to be accessible 1991 ADA Standards §4.6.3; 2010 ADA Standards § 502.3; CBC §

1129B.3.1. Further Passenger loading zones shall provide an access aisle at least 60 inch wide and 20 feet long adjacent. 2010 ADA Standards § 4.6.3.

48. In violation of ADA Standards and California Building Code Standards the Defendants failed to provide an adjacent loading/unloading access aisle for the already non-existent accessible parking space. This made it difficult for Plaintiff to use the adjacent space to safely disembark his vehicle and access the Business.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE §§ 51 -52 *et seq.*

(Against all Defendants and Does 1-20)

49. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

50. California Civil Code § 51 states, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

51. California Civil Code § 52 states, "Whoever denies, aids or incites a denial, or make any discrimination or distinction contrary to Section 51, 515, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

52. California Civil Code § 51(f) specifies, "a violation of the right of any individual under federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

53. The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, facilities, privileges, or services by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. Defendants have discriminated against Plaintiff in violation of California Civil Code §§ 51 and 52.

54. The violations of the Unruh Civil Rights Act caused Plaintiff to experience difficulty, discomfort, or embarrassment. The Defendants are also liable for statutory damages as specified in California Civil Code §55.56(a)-(c).

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE CALIFORNIA DISABLED PERSONS ACT (CDPA), CIVIL CODE SECTIONS 54 *et seq.*

(Against all Defendants and Does 1-20)

55. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

56. California Civil Code § 54.1 (a) states, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, loading places, places of public accommodations, amusement, or resort, and other places in which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

57. California Civil Code § 54.3(a) states, "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages, and any amount as may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 54, 54.1, and 54.2.

58. California Civil Code § 54(d) specifies, "a violation of the right of an individual under Americans with Disabilities Act of 1990 (Public Law 101-336) also constitute a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act."

59. The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, and facilities by physically disabled persons within the meaning of California Civil Code § 54. Defendants have discriminated against Plaintiff in violation of California Civil Code § 54.

60. The violations of the California Disabled Persons Act caused Plaintiff to experience difficulty, discomfort, and embarrassment. The Defendants are also liable for statutory damages as specified in California Civil Code §55.56(a)-(c).

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION ACT, CAL BUS & PRO CODE § 17200, *et seq.*
(Against all Defendants and Does 1-20)

61. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

62. Defendants have engaged in unfair competition, unfair or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising in violation of the Unfair Competition Act. Bus & Prof. Code §§ 17200 *et seq*.

63. Defendants engage in business practices and policies that create systemic barriers to full and equal access for people with disability in violation of state and federal law.

64. The actions and omissions of Defendants are unfair and injurious to Plaintiff, a consumer-of the Business' goods and services. As a result of Defendants' unfair business practice and policies, Plaintiff suffered injury in fact. Plaintiff was not provided with goods and services provided to other ·consumers. Plaintiff seeks relief necessary to prevent Defendants' continued unfair business practices and policies and restitution of any month that Defendants acquired by means of such unfair competition, including profits unfairly obtained.

## FIFTH CAUSE OF ACTION
## NEGLIGENCE
(Against all Defendants and Does 1-20)

65. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

66. Defendants have a general duty and a duty under the ADA, Unruh Civil Rights Act and California Disabled Persons Act to provide safe and accessible facilities to the Plaintiff.

67. Defendants breached their duty of care by violating the provisions of ADA, Unruh Civil Rights Act and California Disabled Persons Act.

68. As a direct and proximate result of Defendants' negligent conduct, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for relief and judgment against Defendants as follows:

1. For preliminary and permanent injunction directing Defendants to comply with the Americans with Disability Act and the Unruh Civil Rights Act;

2. Award of all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts, according to proof;

3. Award of all reasonable restitution for Defendants' unfair competition practices;

4. Reasonable attorney's fees, litigation expenses, and costs of suit in this action;

5. Prejudgment interest pursuant to California Civil Code § 3291; and

6. Such other and further relief as the Court deems just and proper.

DATED: April 19, 2021              **THAKUR LAW FIRM, APC**

By: */s/ Pamela Tahim Thakur*
PAMELA TAHIM THAKUR
WILLIAM R. SCHUBERT
Attorneys for Plaintiff JEFFREY MILLER